**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Telly Darnell McClam, Appellant.

Appellate Case No. 2016-000793

---

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-088
Submitted January 1, 2019 – Filed February 20, 2019

---

**AFFIRMED**

---

William G. Yarborough, III, of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Terry Darnell McClam appeals his convictions of two counts of first-degree criminal sexual conduct, two counts of kidnapping, burglary, possession of a firearm during the commission of a violent crime, and unlawful

possession of a firearm by a felon, as well as his three sentences of life imprisonment without the possibility of parole (LWOP).  McClam argues the trial court erred by (1) denying his motion for a directed verdict and (2) sentencing him to three LWOP sentences because it was cruel and unusual punishment, and violated the separation of powers doctrine.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred by denying his motion for a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-3-652(1) (2015) ("A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and . . . (a) The actor uses aggravated force to accomplish sexual battery.  (b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible . . . kidnapping . . . ."); S.C. Code Ann. § 16-3-910 (2015) (holding "[w]hoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law" is guilty of kidnapping); S.C. Code Ann. § 16-23-490(A) (2015) ("If a person is in possession of a firearm . . . during the commission of a violent crime . . . as defined in Section 16-1-60 [of the South Carolina Code (Supp. 2018)], he must be imprisoned five years . . . ."); S.C. Code Ann. § 16-1-60 ("[A] violent crime includes the offenses of: . . . criminal sexual conduct in the first and second degree [and] . . . kidnapping . . . ."); S.C. Code Ann. § 16-23-500(A) (Supp. 2018) ("It is unlawful for a person who has been convicted of a violent crime, as defined by [s]ection 16-1-60, . . . to possess a firearm or ammunition within this State.").

2.  As to whether the trial court erred by sentencing McClam to LWOP: S.C. Code Ann. § 17-25-45(A) (2014) ("[U]pon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for [LWOP] if that person has . . . one or more prior convictions for . . . a most serious offense . . . ."); *State v. Jones*, 344 S.C. 48, 56, 543 S.E.2d 541, 545 (2001) (holding that sentencing habitual offenders to LWOP is not cruel and unusual punishment and "the matter of sentencing [LWOP] if convicted of a triggering offense [is] a matter within the province of the legislature"); *State v. Burdette*, 335 S.C. 34, 41, 515 S.E.2d 525, 529 (1999) ("[T]he legislature has designated [LWOP] as the appropriate sentence for [the d]efendant based on his criminal

convictions.  The imposition of [an LWOP] sentence does not violate the separation of powers doctrine.").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.